## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: Honorable |
| NEW AGE ROOFS, INC., and KENTON SWEENEY and DIANA SWEENEY, | ) ) ) | |
| Defendants. | ) ) ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against New Age Roofs, Inc. ("New Age"), and Kenton Sweeney and Diana Sweeney (the "Sweeneys" or "Claimants"), states as follows:

### NATURE OF THE ACTION

1. In this action, CFSIC seeks a determination of its rights and obligations under an insurance Policy issued to Defendant New Age in connection with an Underlying Action (as defined herein) filed by Claimants, which asserts certain claims against New Age.

2. The Underlying Action (defined herein) is pending in the Circuit Court of Cook County, Illinois.

3. CFSIC issued a Commercial General Liability Policy (the "Policy" as defined herein) to New Age, as described more fully below.

4. The scope of coverage available to New Age in connection with the claims asserted against them in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

**JURISDICTION AND VENUE**

5.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

6.      Plaintiff CFSIC is a Delaware corporation with a statutory home office in Delaware and a main administrative office in Morristown, New Jersey. At all relevant times, CFSIC conducted business in the State of Illinois.

7.      Defendant New Age is an Illinois Corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.

8.      Defendants Kenton Sweeney and Diana Sweeney are residents of Oak Park, Illinois and citizens of the State of Illinois.  Plaintiff CFSIC does not assert any claim against Defendants Kenton Sweeney and Diana Sweeney in the Complaint and they have been named as defendants in this action solely as a necessary and indispensable parties.

9.      Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff CFSIC, on the one hand, and Defendants New Age, and Kenton Sweeney and Diana Sweeney, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying New Age with regard to the Underlying Action exceeds $75,000.

10.     Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Action occurred in this District, and the Policy was issued and delivered in this District.

11.     An actual justiciable controversy exists between CFSIC, on the one hand, and New Age, and Kenton Sweeney and Diana Sweeney, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

**THE UNDERLYING ACTION**

12. On September 17, 2025, Kenton and Diana Sweeney filed a Complaint against New Age in the Circuit Court of Cook County, Illinois, captioned State Farm Fire and Casualty Company, as subrogee of Jody Wright, and as subrogee of Kenton and Diana Sweeney v. Blue Sky Roofing, Inc. an Illinois Corporation, and New Age Roofs, Inc., an Illinois Corporation, Case No. 2025L011635 ("Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

13. The Complaint alleges that the Sweeneys, and co-plaintiff Jody Wright, resided at a property located at 641 S. Maple Avenue, Oak Park, Illinois (the "property"). The Complaint alleges that the Sweeneys hired New Age along with Blue Sky Roofing, Inc. ("Blue Sky") to perform roofing work at the property. Ex. A, 3.

14. The Complaint further alleges that New Age and Blue Sky were performing torch-applied roofing work at the property on or about January 8, 2025. Ex. A, 3.

15. The Complaint alleges that during the course of the roofing work, combustible materials were negligently ignited, causing building material to fall, and that fire spread to concealed spaces, resulting in significant fire damage to the property. Ex. A, 4.

16. The Complaint further alleges that State Farm has already paid the Sweeneys for fire loss to the property, including damage to the dwelling, personal property and living expenses. The Complaint seeks to recover payment from New Age. Ex. A, 4.

17. The Complaint alleges that New Age was placed on notice of the fire and invited to participate in a joint scene inspection on February 13, 2025, wherein an investigator for State Farm confirmed the origin and cause of the fire that damaged the property. Ex. A, 4.

18. The Complaint further alleges that New Age breached its duty of care in one or more of the following ways: carelessly and negligently used an open flame torch while performing roofing repairs; carelessly and negligently failed to employ proper safety

precautions while using an open flame torch; carelessly and negligently failed to secure the work area, allowing the fire to escape and cause damage; carelessly and negligently failed to maintain a fire watch and appropriate extinguishing equipment on site; and was otherwise careless and negligent in its actions. Ex. A, 6.

19. The Claimants further allege that as a direct and proximate result of the negligence by New Age, the fire occurred, causing the alleged damages. Ex. A, 6.

20. The Complaint seeks damages for alleged negligence. Claimants seek damages in the amount of $521,409.92 plus costs. Ex. A, 6.

## POLICY

21. CFSIC issued Commercial General Liability policy number GLO-107646, effective from July 23, 2024 to July 23, 2025 (the "Policy"), to named insured New Age Roofs, Inc. A copy of the Policy is attached hereto as **Exhibit B**.

22. The Policy contains the following relevant provisions:

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result.

But:

**(1)**     The amount we will pay for "damages" is limited as described in Section **III** – Limits Of Insurance And Deductible; and

**(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

\* \* \*

## COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY

1.    **Insuring Agreement**

    **a.**    We will pay on behalf of the insured, in excess of the deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those "damages."  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "personal and advertising injury" to which this insurance does not apply. . . .

\* \* \*

Ex. B, 8,13.

23.    Section V – Definitions of the Policy contains the following relevant definitions:

\* \* \*

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13**.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;

  **e.**  Oral or written publication, in any manner, of material that violate a person's right of privacy;

  **f.**  The use of another's advertising idea in your "advertisement"; or

  **g.**  Infringing upon another's copyright, trade duress or slogan in your "advertisement".

* * *

17. "Property damage" means:

  **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

  **c.**  "Natural resource damages"

For the purposes of this insurance, electronic data is not tangible property…

* * *

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

  **a.**  An arbitration proceeding in which such damages are claimed and to which the insured must submit with our consent; or

  **b.**  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

Ex. B, 20-23.

24. The Policy contains a Condominium, Townhouse and Other Multi-Family Residential Property Exclusion endorsement (the "Multi-Family Residential Property Exclusion endorsement") which provides, in pertinent part, as follows:

Page **6** of **11**

**Exclusion – Condominium, Townhouse And Other Multi-Family
Residential Property (Other Than Apartments)**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY PART**

**PRODUCTS/COMPLETED/OPERATIONS LIABILITY COVERAGE PART**

**A.** The Following exclusion applies under Paragraph **2. Exclusions** of **Coverage A Bodily Injury and Property Damage Liability, Coverage B Personal And Advertising Injury Liability and Products/Completed Operations Bodily Injury And Property Damage Liability:**

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" that in any way, in whole or in part, arises out of, or relates to "multi-family residential property." This exclusion includes, but is not limited to, any such injury or damage arising out of, relating to or resulting from the construction, development, maintenance, repair, renovation, ownership, occupation or use of "multi-family residential property." This exclusion also applies to improvements to land including but not limited to grading, excavating, utilities, road pacing, curbs, and sidewalks prior to, during, and after construction of the "multi-family residential property." We will have no duty to defend any insured, including any additional insured, against any "suit" involving "multi-family residential property." This exclusion also applies to any obligation to share damages with, repay, or indemnify someone else who must pay damages because of such "bodily injury," "property damage" or "personal and advertising injury."

**A.** The following additional definition applies under **Section V - Definitions**:


"Multi-family residential property" means any structure and associated real property where the structure or any portion of the structure is, or is intended to be, used for residential occupancy by multiple families. "Multi-family residential property" includes, but is not limited to, duplexes, townhouses, condominiums, cooperative apartments, time-shared properties, and the entirety of any mixed use structure where any portion of the structure is, or is intended to be, used for residential occupancy by multiple families. Any structure or associated real property that becomes or is converted to "multi-family residential property" shall be deemed to be "multi-family residential property" as of the date of its original construction. "Multi-family residential property" does not include apartments intended to be leased or rented out to others.

* * *

Ex. B, 55.

**COUNT I**
**No Duty to Defend or Indemnify New Age Under Coverage A of the Policy**

25. CFSIC incorporates by reference herein paragraphs 1 through 24, as if the same were fully set forth at length.

26. CFSIC issued Policy GLO-107646 to New Age, which was effective from July 23, 2024 to July 23, 2025.

27. The Insuring Agreement for Coverage A of the Policy provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. Ex. B, 8.

28. The Complaint includes allegations that appear to meet the requirements of the Insuring Agreement for Coverage A.

29. However, even if the allegations in the Complaint could be reasonably interpreted as satisfying the requirements of coverage under the Insuring Agreement of Coverage A, certain exclusions and endorsements contained in Coverage A of the Policy would operate to preclude coverage in this matter.

30. The Multi-Family Residential Property Exclusion endorsement contained in the Policy states that the insurance provided by the Policy does not apply to " 'property damage' or 'personal and advertising injury' that in any way, in whole or in part, arises out of, or relates to 'multi-family residential property'. . ." Ex. B, 55.

31. The Policy defines "multi-family residential property" as "any structure and associated real property where the structure or any prior of the structure is, or is intended to be, used for residential occupancy by multiple families." The definition specifically includes "duplexes, townhouses condominiums…" Ex. B, 55.

32. The property located at 641 S. Maple Avenue is a condominium building, and the properties wherein the Sweeneys resided were condominiums within the building.

Accordingly, the property that is the basis of the Complaint is a "multi-family residential property," as that term is defined in the Policy. Ex. A, 2.

33. Accordingly, the claims asserted against New Age in the Complaint are precluded from coverage by operation of the Multi-Family Residential Property Exclusion endorsement and, therefore, Policy GLO-107646 does not afford coverage to New Age for the claims asserted against it in the Underlying Action.

WHEREFORE, CFSIC seeks a judgment that it owes no duty under Coverage A of the Policy to defend or indemnify New Age in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## COUNT II
### No Duty to Defend or Indemnify Under Coverage B of the Policy

34. The Insuring Agreement for Coverage B – Personal and Advertising Injury Liability of the Policy provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. Ex. B, 13.

35. The Policy defines "personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: (a) [f]alse arrest, detention or imprisonment; (b.) [m]alicious prosecution; (c.) [t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d.) [o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;  (e.) [o]ral or written publication, in any manner, of material that violate a person's right of privacy; (f.) [t]he use of another's advertising idea in your "advertisement"; or (g.) [i]nfringing upon another's copyright, trade duress or slogan in your "advertisement." Ex. B, 22.

36. The Complaint does not include any allegations of injury, including consequential 'bodily injury", arising out of any the offenses enumerated in the Policy's definition of "personal and advertising injury".

37. Accordingly, the allegations of the Complaint fail to satisfy the requirements of the Insuring Agreement of Coverage B of the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty under Coverage B of the Policy to defend or indemnify New Age in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants New Age, and Kenton Sweeny and Diana Sweeney, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant New Age for the claims asserted against it in the Complaint filed in the Underlying Action;

c. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant New Age in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant New Age in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

e. Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: April 29, 2026

Respectfully Submitted,

By:    */s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334
James.Hickey@kennedyslaw.com
Samson Polovina, Atty. No. 6342626
Samson.Polovina@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110
*Attorneys for Crum and Forster Specialty Insurance Company*